THE FAJARDO SUGAR COMPANY, DEMANDANTE Y APELANTE, *v.* SANTIAGO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un incidente sobre memorándum de costas en caso de *injunction.*

No. 1041.—Resuelto en diciembre 18, 1913.

COSTAS—APROBACIÓN DEL MEMORÁNDUM DESPUÉS DE APELADA LA SENTENCIA—JURISDICCIÓN DEL TRIBUNAL SENTENCIADOR.—De acuerdo con la ley de costas de marzo 12, 1908, apelada una sentencia, la corte sentenciadora retiene su jurisdicción para conocer del procedimiento sobre fijación de costas hasta resolver la impugnación, pero no puede hacer ejecutar su resolución hasta que se resuelva la apelación de la sentencia.

ID.—HONORARIOS DE ABOGADO—CUANTÍA DE LA MATERIA LITIGIOSA.—En una apelación contra una resolución aprobatoria de un memorándum de costas no puede discutirse si en un procedimiento de *injunction* pueden o nó imponerse

honorarios de abogado por no poder precisarse si la materia litigiosa excede
o nó de $500, pues tal cuestión debe plantearse en la apelación contra la
sentencia en la cual se condena al pago de honorarios de abogado.

ID.—GASTOS DE VIAJE.—Los gastos de viajes de una de las partes no forman parte
de las costas propiamente dichas, sino que en el caso de que pudiera orde-
narse su pago legalmente, tendrían el carácter de desembolsos y por tanto no
pueden incluirse en un memorándum de costas cuando la sentencia sólo ha
condenado a las partes al pago de costas, pero no al de desembolsos. *Veve* v.
*El Municipio de Fajardo*, 18 D. P. R., 764.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Armstrong & Keith* y *Luis Muñoz Morales.*

Abogado de los apelados: *Sr. José E. Benedicto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

De la exposición del caso debidamente preparada, apro-
bada y certificada aparece que seguido un procedimiento de
*injunction* por The Fajardo Sugar Company contra los deman-
dados Santiago y Rodríguez, se dictó sentencia definitiva por
la Corte de Distrito de San Juan, Sección 1ª., declarando sin
lugar la demanda y condenando a la demandante al pago
de las costas y honorarios de abogado. La sentencia se dictó
el 29 de mayo de 1913 y se notificó debidamente.

El 6 de junio de 1913 la parte demandada archivó su memo-
rándum de costas ascendentes a $586.15, y el 7 del propio mes
de junio la parte demandante presentó su escrito de impugna-
ción, limitando su oposición a la partida de $40 consignada
para el pago de gastos de viaje de los demandados con motivo
del pleito, por considerar que ese gasto no podía incluirse en
la denominación de costas, y a la de $500 fijada para el pago
de los honorarios de abogado, por estimar que era excesiva.

El 30 de junio de 1913 la parte demandante apeló de la
sentencia para ante este Tribunal Supremo. Estando pen-
diente dicha apelación, se señaló, a petición de la parte de-
mandada, en la segunda lectura del calendario de la corte
de distrito, el día 16 de septiembre de 1913 para la vista del
memorándum de costas. En el día señalado sólo compareció
la parte demandada y la corte dictó resolución aprobando el

memorándum en todas sus partidas, excepto en la de honora-
rios de abogado que redujo a $400. Y contra esa resolución
de la corte interpuso la parte demandante el presente recurso
de apelación.

En su alegato, la parte apelante sostiene:

1. Que la corte erró al oir y resolver sobre el memorán-
dum de costas, estando en apelación la sentencia que impuso
esas costas, y

2. Que la corte erró al conceder honorarios de abogado
en este caso.

La primera cuestión suscitada ha sido terminantemente
resuelta por esta Corte Suprema en el caso de *Buxó et al.*
v. *Buxó et al.*, 18 D. P. R., 190, en el que se estableció la si-
guiente doctrina: "De acuerdo con la ley de costas de marzo
12, 1908, el tribunal sentenciador tiene jurisdicción para cono-
cer del procedimiento sobre fijación de costas hasta resolver
la impugnación, sin exceptuar el caso en que haya sido ape-
lada la sentencia que concede las costas, pero carece de juris-
dicción para hacer ejecutar su resolución sobre costas orde-
nando su cobro, mientras esté pendiente la apelación inter-
puesta contra la sentencia."

En tal virtud debemos decidir que no se ha cometido por
la corte sentenciadora el primero de los errores alegados.
Estudiemos el segundo.

Se sostiene que no es éste un caso en el cual puedan impo-
nerse honorarios de abogado, por tratarse de un procedi-
miento de *injunction* en el que no podía precisarse si la mate-
ria litigiosa excedía o nó de $500.

Tal alegación va directamente en contra de uno de los
pronunciamientos de la sentencia y no es en la apelación de
la orden fijando la cuantía de las costas, desembolsos y hono-
rarios donde cabe hacerla, discutirla y resolverla, sino en la
apelación contra la sentencia que contiene el pronunciamiento
impugnado. Véase el caso de *Busigó* v. *Yordán*, decidido por
esta Corte Suprema el 29 de mayo de 1913, (pág. 627).

También sostiene la parte apelante en su alegato la impug-

nación que hiciera en la corte inferior a la partida de $40 para el pago de gastos de viajes de los demandados desde Mameyes a San Juan con motivo del pleito.

De acuerdo con la jurisprudencia establecida por esta Corte Suprema en el caso de *Veve v. El Municipio de Fajardo,* 18 D. P. R., 764, es bien claro que tal partida no forma parte de las "costas" propiamente dichas, que sólo comprenden "los derechos y las indemnizaciones que consisten en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles," sino que, en el caso de que su pago hubiera podido imponerse legalmente, estaría entonces comprendida dentro de los desembolsos que son "los gastos del pleito que no están incluídos dentro del concepto de costas, definido en el párrafo anterior, o sean las indemnizaciones y derechos que no consisten en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos y aranceles."

Siendo esto así, resulta de igual modo claro, de acuerdo también con la jurisprudencia establecida en *Veve v. El Municipio de Fajardo,* que no puede obligarse a la demandante y apelante a satisfacer un desembolso a cuyo pago no se le condenó expresamente en la sentencia, según consta de la exposición del caso.

Habiendo en consideración todo lo expuesto, la resolución apelada debe confirmarse en cuanto ordenó el pago de las costas especificadas en el memorándum y de los honorarios de abogado fijados por la corte y revocarse en cuanto ordenó el pago de la partida de 40 pesos para gastos de viaje de los demandados.

*Confirmada la resolución apelada excepto en cuanto al pago de $40 para gastos de viaje de los demandados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.